IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ALESSIO M. EMANUEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:13-cv-0609 |
| | ) |
| | ) Judge Trauger |
| JUDGE DOZIER and | ) |
| PROBATION OFFICER DONNA CHERRY, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

Plaintiff Alessio M. Emanuel, proceeding *pro se*, has filed a complaint for damages under 42 U.S.C. § 1983 (ECF No. 1), alleging that the defendants violated his constitutional rights when they revoked his probation. Because the plaintiff proceeds *in forma pauperis*, his complaint is before the court for initial review under 28 U.S.C. § 1915(e)(2). For the reasons set forth below, this action will be dismissed.

**I.    STANDARD OF REVIEW**

Under § 1915(e)(2), the Court must review any complaint filed *in forma pauperis* and dismiss it *sua sponte*, prior to service on the defendants, if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). In reviewing the complaint, the court must construe the *pro se* plaintiff's complaint liberally, *Williams v. Curtin*, 631 F.3d 389, 383 (6th Cir. 2011), and accept the plaintiff's allegations as true unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

**II.   FACTUAL ALLEGATIONS**

The plaintiff names as defendants Judge Dozier (presumably Davidson County Criminal Court Judge Steve Dozier), and Probation Officer Donna Cherry. The plaintiff alleges that Donna Cherry, in her role as the plaintiff's probation officer "had [the plaintiff] imprisoned on forgery charges and passing forged instruments" but that the charges were "bogus." (ECF No. 1, at 2.) The plaintiff states that, as a result of the revocation of his probation, he served six months at a CCA facility in Nashville, and another

six months in Montgomery County. The plaintiff states, somewhat ambiguously, that he "went to trail on bet All the charges." (*Id.*) Construing the complaint very liberally, the court believes this might mean that the plaintiff went to trial and beat all the probation-violation charges. He then states: "I told Judge [Dozier] that was not true this forgery charge[.] He locked me up any way before I was proven guilty[.] I did all that time for nothing[.] I was never guilty[.] I was railroaded into doing time." (*Id.*)

The plaintiff seeks to recover damages in the amount of the Social Security checks he forfeited while he was in jail and other compensatory damages.

### III.     ANALYSIS AND DISCUSSION

Even assuming that the plaintiff was found not guilty of the charges that led to his probation violation, and that the charges against him were, in fact, "bogus," the plaintiff's suit against Judge Dozier for monetary damages is barred because the judge is absolutely immune from suit for damages. *See Mireles v. Waco*, 502 U.S. 9, 10–11 (1991) (reconfirming that a judge performing judicial functions is absolutely immune from suit seeking monetary damages even if acting maliciously, erroneously, corruptly or in excess of jurisdiction); *Collyer v. Darling*, 98 F.3d 211, 221 (6th Cir. 1996) (citing *Mireles*, 502 U.S. at 9). This immunity applies to actions brought under 42 U.S.C. § 1983 to recover for alleged deprivation of civil rights. *Pierson v. Ray*, 386 U.S. 547, 554–55 (1967). As the Supreme Court has explained:

> If judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits. The resulting timidity would be hard to detect or control, and it would manifestly detract from independent and impartial adjudication. . . . Most judicial mistakes or wrongs are open to correction through ordinary mechanisms of review, which are largely free of the harmful side-effects inevitably associated with exposing judges to personal liability.

*Forrester v. White*, 484 U.S. 219, 226–27 (1988) (internal citations omitted), *quoted in Stern v. Mascio*, 262 F.3d 600, 606 (6th Cir. 2001).

Absolute judicial immunity may be overcome in only two instances. First, a judge is not immune from liability for non-judicial actions, *i.e.*, actions not taken in the judge's judicial capacity. *Mireles*, 502 U.S. at 11. Second, a judge is not immune for actions, though judicial in nature, taken in complete absence of all jurisdiction. *Id.* at 12.

The instant complaint fails to implicate either of the exceptions to judicial immunity. The plaintiff's challenge to the proceedings involves the performance of judicial duties by Judge Dozier. Accordingly,

Case 3:13-cv-00609   Document 3   Filed 06/26/13   Page 2 of 3 PageID #: 10

defendant Judge Dozier is absolutely immune from suit for such conduct and the claim against him must be dismissed on that basis.

The plaintiff's factual allegations indicate that defendant Donna Cherry is entitled to absolute immunity as well. Absolute judicial immunity is extended to non-judicial officers who perform "quasi-judicial" duties. Quasi-judicial immunity is granted to state officials when (1) their positions are akin to that of judges; (2) the potential for vexatious lawsuits is great; and (3) enough safeguards exist to protect the complainant's constitutional rights. *Purisch v. Tenn. Tech. Univ.*, 76 F.3d 1414, 1421 (6th Cir. 1996); *see also Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994) (quasi-judicial immunity "extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune"). To the extent the plaintiff's claims against defendant Cherry arise from reporting the plaintiff for a probation violation and advocating for a finding that the plaintiff violated the terms of his probation, Cherry was apparently functioning as a probation officer. Functioning as a probation official is a judicial function for which Cherry is entitled to quasi-judicial immunity. *See Loggins v. Franklin Cnty., Ohio*, 218 F. App'x 466, 476 (6th Cir. 2007) (a probation officer is entitled to such quasi-judicial immunity when acting within the scope of her duties as a probation officer). The plaintiff does not seek to hold Cherry liable for any actions allegedly falling outside the scope of her responsibilities as probation officer. The claims against her are therefore subject to dismissal on the basis that Cherry is entitled to absolute quasi-judicial immunity from suit.

## IV. CONCLUSION

Because both Judge Dozier and Donna Cherry are absolutely immune from suit for damages under the circumstances presented here, the plaintiff's suit will be dismissed, in its entirety, under 28 U.S.C. § 1915(e)(2)(B)(iii). An appropriate order is filed herewith.

　　　　　　　　　　　　　　　　　　　　
Aleta A. Trauger
United States District Judge

- 3 -

Case 3:13-cv-00609   Document 3   Filed 06/26/13   Page 3 of 3 PageID #: 11